for the second district is now open. The Honorable Justice Catherine is enough presiding along with justices and be Jorgensen and Liam C. Brennan. The case is number two 190398 people of the state of Illinois plaintiff happily versus Daniel P. McGovern defendant appellant arguing for the appellant Sarah A. Fox arguing for the appellee John G. Barrett. Good morning counsel. This actually may begin. Thank you, Your Honor. Good morning. May it please the court counsel. My name is Sarah Fox from McDermott will and Emery and I represent the appellant Mr Daniel McGovern in this case at approximately 4 45 in the morning on July 12 2017 Mr McGovern's Fourth Amendment rights were violated. Meg agents broke a glass door invaded the sanctity of his home based on nothing more than a trivial amount of cannabis that if found on Mr McGovern would have resulted in a civil penalty. The agents entered his home based on a search warrant that lacked probable cause and should never have been issued in the first place. At the time of the search warrant, the Illinois legislature had legalized cannabis for medical use and decriminalized the possession of up to 10 grams of cannabis through the complaint for the search warrant was based entirely on the discovery of a minimal amount of cannabis found in trash outside Mr McGovern's home. The fundamental question for this court is whether a reasonable officer could conclude considering all of the surrounding circumstances, but there was a substantial chance of criminal activity occurring in Mr McGovern's home. The court must look at the totality of the circumstances in determining probable cause and in the council, I have a question for you. So the job of this court, in this case, is to look at probable cause that is the complaint, whether the complaint and the affidavit attached to it were sufficient for the issuing magistrate to issue that search warrant. Isn't that correct? That's correct, your honor. And yet in your standard of review section at page seven of your opening brief, you argue and insist that the standard of review that we should use as an appellate court is de novo. You cite a first district case and a third district case, but if our focus is whether there was a substantial basis for this issuing magistrates conclusion, we have a second district case people versus Brown authored by Justice Jorgensen, which is right on point and tells us that we need to look at whether the issuing magistrate, whether the conclusion had a substantial basis and we need to give that decision deference. So isn't that the standard rather than a de novo standard? I, I still believe that there is a de novo standard, your honor, because there are no factual issues for this court. But even with that standard of looking at the magistrate and courting the magistrate deference, there is no substantial basis for this court for the magistrate to have issued the search warrant. All right, go ahead with your argument. Thank you. Let me ask a question about probable cause. So would you agree that the probable cause for an officer to search a vehicle without a warrant is the same probable cause as an officer seeking a search warrant that even though there's a diminished expectation of privacy in a vehicle, the PR and you don't need a warrant for a car, the probable cause definition, the quantum of evidence necessary to search is the same in either situation. Is that a fair statement? I don't think so, your honor, because even though yes, you are looking at probable cause in the probable cause analysis, you need to look at the totality of the circumstances. And so in the issue of the issuance of a car, that's different. Your honor, there's a difference of expectation of privacy. You also have different statutes that you have to deal with. And that's different from the probable cause determination in this case, which is for the house. But there are cases saying that even though there's a diminished expectation of privacy, even though you don't need a warrant in a car situation, when courts are looking at the propriety of what happened, the probable cause question is the same question. I agree it's a totality of the circumstances, but it's not a lesser probable cause standard. And I asked this question for a purpose. I know this isn't a car search. If that's the case, and we consider what a panoply of courts, including the Illinois Supreme Court have said about marijuana and medical marijuana and the legalization of marijuana in car search cases, why wouldn't that also apply in house search cases? Because the car is very different to the probable cause, not to the Fourth Amendment protections. You have lesser expectation of privacy, whereas the house is a castle. It's the utmost protected in Fourth Amendment protections. And in addition to the cases, there's an odor coming from that. The issuance of an odor is different from finding small amounts of cannabis in the trash. It's Hill looked at the odor emanating from a car, but it also looked at the idea that even if you had cannabis in the car, there's also different statutes that apply in that case that don't apply in this case. All right. Thank you. Thank you, Your Honor. Well, why wouldn't looking at probable cause, you rely on Vermeister, but why wouldn't Balsley apply here where Balsley talked about not only the presence of contraband in the trash, but in indications or indices of residents that were present? And isn't that what we have here? We certainly have indices that the defendant lived there. Isn't that correct? Balsley is distinguishable from this case, Your Honor. Balsley was from 2002, which is before the statutory context. In this case, it's before medical marijuana. It's before the decriminalization of cannabis. But also, Your Honor, in that case, yes, they did have a residency, but they did not deal with the issue of staleness. The search warrant was executed only a few days, maybe three days after the cannabis was found. There are other issues in this case that were not present in Balsley. Well, you'll talk about. Go ahead, Justice George. Go ahead. Finish. Finish. You're going to talk about staleness. I saw that for the first time, really, in your reply brief. But I mean, trash is picked up. We have four dates, one week apart here. I'm not sure how we can say something is stale. There was something found in the trash each of four weeks. Isn't that correct? It ties to the fact, Your Honor, that cannabis is very easily consumable and easily disposed of. And so especially with the staleness issue, that could have been there's no there should not be indication that there is continuing to be cannabis in the house based on that. And also, you know, the meg agents, they spent 13 days after finding the last trash poll before executing the search warrant. They couldn't find any additional evidence, any indicia of criminal activity to corroborate this to corroborate the anonymous sources that were the source of this entire investigation. And yet they continued with this search warrant. So on that staleness question, my recollection of the case law is that if you had one isolated trash search with something in it, and a week or two or goes by, you could have a staleness argument. But when you have a course of conduct or a pattern over time, where each week this is found, the timing issue as it relates to the staleness question is a lot less persuasive. It ties into the whole totality of the circumstances. It's not just one factor, it goes into the fact that there is a minimal amount found. And Your Honor, there are only two trash pulls that can be considered in this analysis, because they only two trash bags have tied Mr. McGovern to the resident to the trash at hand to residents to the contraband. And so with these two trash pulls, I think staleness does tie a part is part of it and also goes into the minimal amount found in the statutory context of this case. It's just one part of the totality of circumstances analysis. Setting aside the staleness question, you had four weeks where we consistently find cannabis in the trash. How do you explain that? Otherwise, then that there would be probable cause to lots of explanation, innocent explanations. It could be he could have a medical license. It could be that it could be someone else's. It could be that there are several instances that part of this analysis is probable cause analysis. The medians need to take into account other circumstances. This is what the Hill court said when deciding on a substantial basis, they need to consider all of the surrounding circumstances. And it just plays a part of the totality of circumstances analysis. But we can consider that, that this is a recurring event and that is part of the totality of the circumstances, correct? Yes, your honor, but I only heard there's only two trash pulls your honor that weeks apart. Yes. But what, what authority is there that says that the indicia of residence has to be, um, uh, with each of the, um, with a particular trash pull. And when we're considering the totality of the circumstances and a continuing course of conduct, what authority do you have that says that the, uh, evidence of residence needs to be with a particular, um, trash bowl based on Bosley and Burmeister, your honor, you know, you need to have indicia of residence, a part of those as part of the trash that was found. Um, in addition to the fact that there was no, wait, wait, wait a second, indicia of residence, but again, that's the totality of the circumstances. Can't you look at the way the cat, the, uh, trash is packaged, that it appears on the appropriate date that it's in front of the same house and fill in some of the blanks. It's rare that someone's going to leave in their trash. This is my cannabis and I live here. So you put together all of the individual factors and draw conclusions from that. I think based on balls that you need indicia residency and as well in every bag. Yes. So if this guy puts his, his garbage out in little bags, um, it's hard when you're doing this on zoom, but let's assume, you know, the little, the little, um, um, grocery sacks that you get the plastic grocery section. So he puts out his garbage in 20 little sacks indicia of residence would have to be in each one of those. I don't know your honor. In this case, that wasn't the fact that in this case, they found you're suggesting that indicia of residence must be in each of the garbage pulls. So I'm asking you, this would be sort of a continuum. When is it enough? And when is it not enough? I don't know when it is not enough, your honor, in this case, that there were only two bags that can be considered in the, the probable cause analysis. Okay. And we have something more in this case, and that is on the 20th, that date, there was actually an individual who was observed taking the trash out. And so that's something in addition to the, um, uh, physical evidence of, uh, residency that was found. So we have an even stronger case than Bosley. Don't we? I don't think so. Your honor. It was an individual. It was not Mr. McGovern, even though in the record, the judge in the state thought it was Mr. McGovern on the video. It was not, it was in fact a woman. And so that can't play a part into it. That's not in, you know, that was not Mr. McGovern handling the trash as in Burmeister. But is the issue so much who took out the trash as opposed to someone from that house was going to that garbage can and depositing something into that garbage can. I think it needs to tie to Mr. McGovern. The search warrant does asks also for leave to search Mr. McGovern specifically. Is that correct? I believe that's correct. Your honor. So based on the totality of circumstances, um, first the complaint is devoid of any indicia of criminal activity. This case began as the result of anonymous sources who informed the meg agents that there was traffic around Mr. McGovern's home that was consistent with narcotic sales. However, it's not an issue in this case, any longer. The fact that it began by anonymous sources, it shows the basis for the investigation, your honor. And it just shows to the police conduct. It's not part of, it doesn't help prove probable cause that goes to the totality of the circumstances, but it's not relevant to the four corners of the complaint, which is what we're looking at. It's in the complaint, your honor. And it was, but, but, but the judge said he was excising it essentially. So we won't consider that, right? It goes to the reasonableness of the agent's actions and it goes to, but isn't it the reasonableness of the judge's decision to grant the search warrant based on the four corners? I still believe it's relevant, your honor, but relevant to what? To the totality of the circumstances. Okay. One of the other things you argue in your brief is there was such small amounts that they really weren't significant. But couldn't the fact that there were small amounts found on a regular basis, demonstrate really that the defendant regularly possess some amount of cannabis of illegal substances. These were all no, you know, when the law was changed to change the penalties, it was still illegal to possess the cannabis. All right. Based on the small amounts, it should not go to probable cause because that's not enough. It was a civil law violation and it's not that they would, they were found weeks apart. So that goes against the fact that it could continue to be found in Mr. McGovern's home. Do you have any case law that stands for the proposition that you cannot obtain a search warrant to investigate a civil violation? Not this time, your honor. Okay. So despite a month long surveillance, the Meg agents did not find any indicia of criminal activity to justify probable cause. Nothing to corroborate the anonymous sources, no control drug buys or any reliance on any criminal history. Instead, the agents conducted four trash pulls over a month where they see 24 garbage bags. They're outside Mr. McGovern's home. Of these 24 garbage bags, the Meg agents found trivial amounts of loose cannabis, stems or residue. This alone formed the basis for the search warrant. After the last trash pull on June 28th, the agents took 13 days to find additional evidence. Finding none, they still applied for a search warrant that did not have probable cause and they unlawfully entered Mr. McGovern's home. In looking at the totality of the circumstances, this court should also look at the change in the nature of the status of cannabis as evidenced by the evolution of cannabis in Illinois legislation. The Illinois- Counsel, excuse me for interrupting. Your time is up. If you want to finish your sentence, and then you'll certainly have time on rebuttal. Your honor, I've said everything I need to. So thank you, your honor. Thank you very much. Mr. Barrett. Thank you, your honors. Good morning. Counsel, may it please the court. Um, I guess just jumping right in here. Um, Well, do you want to address the issue of jurisdiction that we talked about at the beginning? What's that? Will you address the issue of jurisdiction we talked about at the beginning? Aren't we looking at the magistrate's determination and don't we as an appellate court need to look at and give deference to that decision? Yes. Um, the initial probable cause determination made by the issuing judge is really what this whole case centers on. Um, so just to kind of echo what, uh, you were saying, Justice Zinoff, that, uh, um, deference is paid to that decision. And, um, so long as this court ensures that there was a substantial basis for that decision, looking at the totality of the circumstances in the four corners of the document, um, you know, the state and the people would ask that you would affirm, uh, the judgment below because there was sufficient facts and there was sufficient, um, uh, there was sufficient evidence tying the defendant to the contraband. Uh, so you say contraband, the Illinois Supreme Court in Hill acknowledged that it's contraband light. It's evolving, changing. Um, I would like you to explain to me why the fact that this could have been a function of a medical marijuana prescription doesn't, uh, preclude the search warrant in this case. In other words, maybe it is suspicious. Maybe it would lead to a knock and talk. But if I'm the judge and I'm looking at this complaint, the fact that you haven't discounted the very real possibility that this person has a prescription for medical marijuana, why shouldn't that cause this warrant to fail? Well, I think importantly, it, it isn't the state's job to rule out, um, uh, uh, potentially innocent explanation like a medical license or a prescription. Um, you know, that's something that the defendant can certainly present, you know, the, the, the burden is on defendant to, uh, come forward with that information and present that to the court. Uh, the state, um, and law enforcement are allowed to, uh, and in this case, we didn't have a completed offense. We had a minimal amount, but the minimal amount indicated the potential for criminal activity, not that the end result and the potential for a completely legal basis. And I don't see, I'm having a hard time figuring out why it should go one way or the other inhale. The Supreme court did talk about the medical marijuana thing, and they essentially said it wasn't an issue with Hill because the way that you're obligated to package Mer medical marijuana in a, if you're transporting it in a car would preclude the odor that the officers in Hill smell. So Hill did not say medical marijuana is irrelevant to the question of probable cause. It said in the context of a car where you have this odor, it doesn't make sense to worry about it. But I'm wondering whether we should be worrying about it in a private house where it's a negligible amount in the garbage. Um, and let me change the hypothetical. Let's say that I have a serious pain problem and I'm regularly taking one of these drugs, hydrocodone or Oxycontin or something. And, uh, let's say that I don't like the pill bottle. The pharmacy gives me and I go and buy what I can get at Walgreens, these little pill packets. And I put my hydrocodone in those pill packets for the next month. And each week I'm throwing out the pill packets and you're testing for residue and you're finding controlled substance residue residue in those little pill packets. You're the police officers. Maybe that guy in that house has a prescription. Maybe he doesn't. Are you saying that's going to be enough to allow a search warrant? I'm saying that, uh, the law doesn't require the state to rule out innocent explanations for, uh, in the context of cannabis. But does it allow us to continue to consider the possibility of a innocent reason or basis in determining the totality of the circumstances? It would allow that in looking at the totality, but here the totality showed a pose. We have medical marijuana. I'm going to have a pattern of this in my garbage, right? But the state isn't required to rule that out. Why not? The law has changed. Why shouldn't we change the perspective and put that burden on the state? Well, that wasn't the law in effect at the time of this case. Um, there's just, so let's say, you know, the four grams that was let's say that the defendant did have, uh, a, uh, license or a prescription for that. The defendant is able to present that to the court and then case is dismissed, but it's all been breached, right? In the interim. Right now here, what we do have is a criminal history of possession with intent. Criminal history was not in the complaint for search warrant. That's right. No, no, no. But how can the judge, the law, the law looks at that as enhancing the likelihood. So this court can certainly, if you put it in the complaint for search warrant, the law would say that, but the court, the judge had no idea about there's, let me rephrase it. Is there any evidence in the record that the judge had any indication of the defendant's criminal history when he is in the war? Uh, it's consistent with that. He did know that they would increase maybe the weight with which he looked at the question. Here in the record, it doesn't suggest the judge was apprised of the defendant's criminal history. It was consistent with the decision. If he knew of the criminal history, it would have maybe increased the weight. If he knew what was inside the house because he visited the night before, he'd know too, but he, in the record, is there anywhere that he knew about the criminal history? It's a simple question. Not expressly, not expressly. Okay. Thank you. Counsel, going back to a question, uh, justice Brennan asked, uh, Ms. Fox, um, do you believe there's a difference in how we analyze probable cause in automobile cases versus, uh, uh, case involving a home and a search warrant for a home? Um, I address, I addressed that, uh, in, in my brief. Um, there's a case people be brand out of the fourth district that says where an officer, um, is approaching the home as a visitor would, and it has a legal right to perform a knock and talk and observes what's in plain view or smells or detects what's in plain smell. Um, the order of cannabis would support a probable cause for a search warrant. In that case, it did. Um, in, in brand here, I apologize in brand, the only argument in opposition to the search warrant that the fourth district considered was whether the cartilage was violent. They never correct. I have no other questions. Thank you. Counsel, do you agree that evidence of, um, residents, uh, needs to be, uh, within each particular trash pull in this case to be part of the totality of circumstances that is considered. How do you respond to the two trash pulls? I'm sorry. Go ahead. I was going to say, in other words, how do you respond to Ms. Fox's argument? I think that with the two, the two trash pulls where you do have indices of red residency, that would in effect increase the likelihood that the other cannabis that was discovered in, in the other trash pulls was, was connected to this defendant. Um, I guess it, if it doesn't, if it's not an, if it's not enough in and of itself, it would at least in the totality of the circumstances be tied more directly, uh, to the defendant by way of these other two other trash pulls where we do have those indices. So let's say, uh, you know, what, we're trying to do is diminish tampering the evidence of, you know, someone randomly just throwing, curling a trash bag into somebody else's trash. We were trying to tie specifically that bag to the residents and that defendant. So is it possible on those dates that someone randomly just threw a bag with, with marijuana in it? I'm sure that's possible, but it's less likely given that we have these two, uh, trash pulls that directly tied to this defendant. So I would say that it, they, it would at least increase the likelihood that these other two events, these other two dates were tied to that defendant. Can I inquire this question of, um, is it appropriate to seek a search warrant under the criminal code 108 to investigate a civil violation? What is characterized as a civil violation? I recognize that it's still contraband, but everything you've found is in the amount of a civil violation. So can we get a criminal search warrant to investigate a civil violation? The trial court addressed that. And although the amount they discovered, Oh, me. I don't think you need to assume or should assume that the amount discovered is a civil violation. We have four grams that might indicate 15, 20 grams more than that. So it's a you know, a greater quantity of criminal proportion. That's how I would address that. Thank you. So the bottom line councils, there's no case law one way or the other. Um, Ms. Fox was unable to point to anything and neither can you. So this is basically an, uncharted area. Can you reframe the question? Civil violation support a search warrant? Yes or no. Neither of you can point to any, um, case law that illuminates that point. I'm not aware of any case law, but I could certainly, uh, brief it and supplement, uh, briefing to the court. If the court decides that it would like the parties to do that. You still have a couple minutes on your argument. I know we've peppered you with a lot of questions. So if there are points that you'd like to make, you still have a few minutes. Uh, and I apologize, Justice Dino. I have one other question. Let's assume for the sake of argument that we thought there was a problem with the judge issuing the warrant. You in your briefs the first time bring up the Leon good faith exception. Why haven't you waived that exception by not presenting it in the trial court? You're at, you're addressing me with this question. That would be right. Okay. Um, the state didn't have an opportunity to address it because police misconduct was never raised. It was simply the sufficiency of the, of the, uh, application for the search. The Leon good faith exception isn't limited to police misconduct. It, as a matter of fact, it was police. If there was police misconduct, it probably wouldn't apply. The Leon good faith exception is that the officers reasonably relied on the good, on the good faith of the complaint on the probable cause question. And that when you were on notice of the state below filed a very detailed written response to the motion, uh, to quash the search warrant, but they never brought up the alternative, uh, justification for Leon good faith. So I'm wondering why that isn't way. Um, even, even if it is waived, this procedural bars are, uh, essentially, uh, limitations on the parties and not on this court. So this court could go ahead and decide that the police were acting in good faith. You know, certainly the granting of the search warrant affirmed the good faith of the police and what, and what they were doing. And then the, uh, the their prior decision issues warrant indicated, uh, that there was good faith. So I think that there's enough here in the record to support that there was good faith and this court could certainly consider that. Well, counsel, did you have any reason to raise a pen? Didn't you prevail in the trial court? We did, we did. So it was never litigated, uh, or the potential to litigate that issue was never, um, fully brought about. Right. But the defense brought the action and you chose not to raise that as a defense to the motion of suppress. Well, not you, but trial counsel, the propriety of, of the police, uh, uh, investigation, and then the decision to grant the warrant were all in accordance with the law. And that's what was found. So I think that just in and of itself, uh, is evidence of good faith. Okay. Counsel, excuse me, your time is up, but I'd like to ask, uh, justice Brennan or justice Jorgensen. Do you have any further questions for Mr. Barrett? I do not. Thank you. Thank you for your time this morning, your honors, and, uh, the people respectfully request that this court would affirm the judgment below. Thank you. Okay. Thank you. All right, Ms. Fox, uh, you have time for rebuttal. Thank you, your honor. Um, I have my first point on rebuttal is that the state did waive the good faith exception, but even if this court were to consider that it should not apply, um, there was no good faith in, in this context, the police basis and the agents basis investigation on anonymous sources, which after there was no traffic found and the anonymous sources information was disproven and proven to be false. They still is not entirely accurate. It's misleading. It's based on four trash poles and the judge in the trial court below faced his decision on four trash bowls. And the fact that he believed in that the individual in the video was Mr. McGovern taking off the trash when in fact it was not, it was a woman taking off the trash. There were several reasons why. And so this is the reason why that the good faith exclusionary, the good faith exception, excuse me, to the exclusionary should not apply. Uh, second, the cannabis control act and the authorization of cannabis for medical use that those are statutory context that should be taken into account. Um, while it's not the state's job to disprove innocent explanations, they do need to take this into consideration in their, uh, the, their analysis and the Hill, the court in Hill states this. Um, for these reasons, your honor, we ask that the trial court reverse or the, this court, excuse me, reverse the trial courts, um, decision to deny the motion to express in any other, um, this court seems appropriate. Thank you. Um, justice Brennan, do you have any questions for council? I do not. Thank you. Nor do I. Thank you. Okay. Thank you. All right. At this time then, uh, I'd like to take the opportunity on behalf of our panel to thank council for your briefs, uh, which were excellent. And, uh, certainly for your oral argument today at this time, then, uh, the court will take the matter under advisement and render a decision on due course. Our proceedings are concluded for the day. Mr. Kaplan, will you stop the recording please? Thank you very much. Council. Thank you.